CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT - 9 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES ELDON FERRELL, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv00451 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANN HEATWOLE, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff James Eldon Ferrell, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343(c), alleging that defendants have failed to provide him with adequate medical care in violation of the Eighth Amendment. Ferrell seeks $100,000.00 in damages and injunctive and declaratory relief. I find that Ferrell has failed to state a claim upon which relief may be granted. Therefore, this action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I.

Ferrell alleges that during his September 18, 2006 to June 11, 2007 incarceration at the Rockingham County Jail ("RCJ"), he suffered from severe facial and back acne. Ferrell alleges that after many months of submitting medical requests, he was finally referred to a dermatologist by the RCJ medical staff. Ferrell claims that, after his release from incarceration, his acne was no longer a problem. Ferrell was subsequently re-incarcerated at RCJ on an unspecified date. Ferrell alleges that hot shower water and the RCJ wash-rags and towels have caused his acne to return. He claims that he has been examined by the RCJ medical staff but that they refuse to properly treat him.

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. See Farmer, 511 U.S. at 832-35; Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Claims regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Applying these principles, and taking Ferrell's allegations in the light most favorable to him, I conclude that they are insufficient to state possible claims under § 1983. Ferrell does not suffer from an objectively serious medical need. See Ross v. Schipper, 841 F.2d 1123 (4th Cir. 1988) (holding that inmate who alleged that he had received inept treatment for his acne conditions failed

2

to demonstrate deliberate indifference to a serious medical need); Sordia v. Orr, 47 F.3d 425 (5th Cir. 1995) (affirming district court's determination that acne rosacea did not rise to the level of a serious medical need); Hudgins v. DeBruyn, 922 F. Supp. 144, 148 (S.D. Ind. 1996) (finding acne one of several conditions where treatment is for purposes of convenience or comfort, but is not a serious medical need); Ware v. Fairman, 884 F. Supp. 1201, 1206 (N.D. Ill. 1995) (finding that plaintiff's acne was not a serious medical need as required under the Eighth Amendment). Moreover, Ferrell does not deny that the RCJ staff examined him on numerous occasions and rendered a diagnosis. Thus, his claims amount to nothing more than a patient-doctor disagreement over diagnosis and treatment, which is not actionable under the Eighth Amendment. Accordingly, I find that Ferrell has failed to state a claim upon which relief may be granted.[2]

## III.

For the reasons stated herein, I dismiss Ferrell's suit pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER**: This 9th day of October, 2007.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Furthermore, it seems that Ferrell did not exhaust all available grievance procedures at RCJ. The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a). While Ferrell filed several inmate requests forms, he failed to provide the court with documentation concerning any informal complaints or regular grievances.

3